IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUSTOM HARWARE ENGINEERING ) <br> & CONSULTING, INC., ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> JONATHAN D. DOWELL, et. al, ) <br>  ) <br> Defendants. ) | Cause No. 4:10CV00653 ERW |

## CONSENT PRELIMINARY INJUNCTION

This matter is before the Court upon Plaintiff Custom Hardware Engineering & Consulting, Inc.'s ("Plaintiff" or "CRE") Motion for TRO [doc. #4] against Defendants Jonathan D. Dowell ("Dowell"), Marcus K. Smith ("Smith") and Tri-Point Development, Inc. ("Tri-Point") (collectively, "Defendants"). As a basis for its Motion for TRO, CHE relies, inter alia, on its Verified Complaint which seeks relief for all of the following: (1) violation of the Federal Copyright Act, 17 U.S.C. §§ 101, et seq.; (2) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030", (3) breach of contract, as against Dowell and Smith; (4) breach of fiduciary duty and duty of loyalty. as against Dowell and Smith; (5) intentional interference with contract, as against Tri-Point; (6) violation of the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. §§ 417.450 - 417.467; (7) unfair competition; (8) civil conspiracy; (9) replevin; (10) conversion; and (11) unjust enrichment.

Defendants deny the allegations set forth in Plaintiff's Motion for TRO on the grounds that Defendants are not engaged in a Competing Business of CHE as defined in the Employment Agreements of Defendants Dowell and Smith, have not infringed on CHE's copyrights, or misappropriated its trade secrets as set out in Sections 4.1.2, 4.1.3, and 4.1.4.

This Court at this time does not enter any finding as to the merits of Plaintiff's claims or Defendants' defenses. Without making any factual findings on the merits and without prejudice to the parties' ability to hereafter argue the enforceability or unenforceability of said Employment Agreements or any related defenses thereto, the Court HEREBY ORDERS that a preliminary injunction is entered as follows:

(a) Except to the extent that the Court may hereafter find the terms of the Employment Agreements of Defendants Dowell and Smith unreasonable, unenforceable, overboard, subject to unclean hands defenses and any other defense on the merits, Defendants Dowell and Smith are bound and shall comply with their respective Employment Agreements, which are attached to Plaintiff's Verified Complaint as Exhibits A and B and are incorporated by reference as if fully stated herein.

(b) All Defendants shall not directly or indirectly infringe, copy, or otherwise use in whole or in part any of CHE's Trade Secrets, Confidential Information or Intellectual Property as defined within Sections 4.1.3, 4.1.4 and 4.1.5 and 4.3 of the incorporated Employment Agreements.

(c) All Defendants shall not, directly or indirect, engage in Competing Business (as defined by Section 4.1.2), copy, distribute or otherwise use in whole or in part any of CHE Intellectual Property or derivative works thereof; and shall not cause the transmission of a program, information, source code, object code or command that is, in whole or in part, of CHE Intellectual Property.

This Preliminary Injunction shall remain in effect until this case is decided by dispositive motion or trial on the merits. Parties agree to bond in the amount of $100.00.

Dated April, 26th 2010 at 12:21 o'clock p.m.

SO ORDERED:

_____
Hon. E. Richard Webber,
United Stated District Court for the Eastern District of Missouri
Eastern Division

By Consent:

_____
Jonathan D. Dowell

_____
Marcus A. Smith

_____
Tri-Point Development, Inc.

_____
David York
    President Custom Hardware Engineering & Consulting, Inc.

      This Preliminary Injunction shall remain in effect until this case is decided by dispositive motion or trial on the merits. Parties agree to bond in the amount of $100.00.

Dated April, _____ 2010 at _____ o'clock ___.m.

SO ORDERED:

_____
Hon. E. Richard Webber,
United Stated District Court for the Eastern District of Missouri
Eastern Division

By Consent:

_____
Jonathan D. Dowell

Marcus A. Smith

_____
Tri-Point Development, Inc.

_____
David York
      President Custom Hardware Engineering & Consulting, Inc.