UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUSTOM HARDWARE ENGINEERING ) | |
| & CONSULTING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV00653 ERW |
| ) | |
| JONATHAN D. DOWELL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Civil Contempt and Order to Show Cause [doc. #19], and Plaintiff's Motion to Strike Defendants' Jointly Submitted Evidence and Objection to Defendants' Motion for Testimonial Hearing [doc. #26]. The Court held a hearing on June 24, 2010, and the Parties presented oral arguments on the pending Motions.

On April 26, 2010, the Court entered a Consent Preliminary Injunction [doc. #14] in this case, thereby rendering the pending Motion for Temporary Restraining Order moot. Plaintiff and Defendants jointly drafted and submitted the proposed Consent Preliminary Injunction, which provided, "Defendants Dowell and Smith are bound and shall comply with their respective Employment Agreements, which are attached to Plaintiff's Verified Complaint as Exhibits A and B and are incorporated by reference as if fully stated herein." (P.I., doc. #14, p.2). The Consent Preliminary Injunction specifically noted that Defendants deny the allegations that Plaintiff made against them, and stated that the Court had not made any findings on the merits of the case.

Plaintiff now argues that Defendants are in civil contempt of the Consent Preliminary Injunction because they refuse to reimburse Plaintiff for the attorneys' fees it has incurred thus far in prosecuting the case. Plaintiff explains that Defendants Dowell and Smith agreed in the Consent Preliminary Injunction to be bound by the terms of their Employment Agreement with Plaintiff, and that Employment Agreement allows Plaintiff to recover its expenses, including attorneys' fees, incurred in obtaining enforcement of the Agreement. Section 4.10 of the applicable Employment Agreement, to which Plaintiff cites in support of its argument, provides:

> [I]n addition to and not in lieu of any other rights and remedies which CHE may have for any violation of this Agreement, if CHE incurs expenses to retain attorneys to enforce this Agreement and/or seek redress for any violation, Employee promises and agrees to pay all costs, court costs, fees and expenses, including actual attorneys' fees, incurred by CHE to enforce this Agreement and/or recover and collect damages for any violation, whether or not litigation is commenced..

(Pl.'s Ex. F, doc. #20-6, p.1). The Court must determine whether this provision, which was incorporated by reference into the Consent Preliminary Injunction, requires Defendants to begin paying Plaintiff's attorneys' fees at this time.

"District courts have many remedial powers to ensure that their decrees are fully and faithfully obeyed. The contempt power is a most potent weapon, and therefore it must be carefully and precisely employed." *Mahers v. Hedgepeth*, 32 F.3d 1273, 1275 (8th Cir. 1994). The Eighth Circuit has established that "[t]o warrant civil contempt relief, the [party seeking a finding of contempt] must prove 'by clear and convincing evidence that the decree is being violated.'" *Id.* at 1274 (quoting *SapaNajin v. Gunter*, 857 F.2d 463, 465 (8th Cir. 1988)). In order to determine whether a court's decree was violated, it is necessary to construe the terms of that decree. In this case, the Court must construe the terms of a consent decree. "'[S]ince

2

consent decrees and orders have many of the attributes of ordinary contracts, they should be construed basically as contracts.'" *Id.* at 1274-75 (quoting *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 236-37 (1975)). Thus, "the scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it." *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971).

While the Court agrees with Plaintiff's argument that the Consent Preliminary Injunction fully incorporates the terms of the Employment Agreement, the Court does not agree with Plaintiff's interpretation of that incorporated Employment Agreement. Plaintiff argues that Section 4.10 of the Employment Agreement establishes only one condition precedent for Plaintiff to be able to recover attorneys' fees: Plaintiff's seeking redress for *any* violation of the Employment Agreement. (Pl.'s Memo. in Support of Mtn., doc. #20, p.8). However, this interpretation is inconsistent with the plain language of the Employment Agreement. Section 4.10 does not allow Plaintiff to automatically recover attorneys' fees when it merely alleges some violation of the Employment Agreement; rather, it establishes that Plaintiff can recover fees and expenses that were incurred to *enforce* the Agreement or to seek redress for a *violation* of the Agreement. Thus, in order for Plaintiff to be able to recover attorneys' fees, there must have been an actual violation of the Employment Agreement or some other proven action that necessitated enforcement of the Agreement.

In this case, the condition precedent for recovering fees and expenses has not been met because it is not yet clear that Defendants actually violated the Employment Agreement or that they did anything to require its enforcement. In the Consent Preliminary Injunction, the Court specifically stated that it did not make any findings related to the merits of the case, and

Defendants specifically noted that they continue to deny Plaintiff's allegations. If the Court were to determine that the Consent Preliminary Injunction required Defendants to start paying Plaintiff's attorneys' fees and expenses, it would be akin to the Court finding that Defendants had violated the Employment Agreement. This is contrary to the terms of the Consent Preliminary Injunction, and is beyond its scope. Moreover, Plaintiff's interpretation of Section 4.10 of the Employment Agreement would allow it to make wholly unsubstantiated allegations regarding an employee's compliance with the Employment Agreement, and then require that employee to immediately begin paying its attorneys' fees and expenses. This is an unreasonable interpretation that the Court will not entertain. *See, e.g.*, *Dubinsky v. Mermart, LLC*, 595 F.3d 812, 818 (8th Cir. 2010) (applying Missouri law, noting that "[c]ourts should reject the interpretation of a contract that leads to unreasonable results when probable or reasonable construction can be adopted" (internal quotations omitted)).

Plaintiff has failed to set forth clear and convincing evidence demonstrating that the Consent Preliminary Injunction is being violated by Defendants. Thus, the Court cannot find Defendants in civil contempt of its decree. Plaintiff's Motion for Civil Contempt will be denied. With respect to Plaintiff's Motion to Strike Defendants' Jointly Submitted Evidence, the Court notes that it did not rely on or consider any of Defendants' evidence to which Plaintiff objects in determining whether Defendants are in civil contempt of the Consent Preliminary Injunction. Thus, the Motion to Strike will also be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Civil Contempt and Order to Show Cause [doc. #19] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Jointly Submitted Evidence and Objection to Defendants' Motion for Testimonial Hearing [doc. #26] is **DENIED**.

Dated this 12th Day of July, 2010.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT COURT