IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CUSTOM HARDWARE ENGINEERING & CONSULTING, INC., | ) ) ) | |
| Plaintiff/Counterclaim-Defendant/ Third Party Defendant, | ) ) ) | |
| & | ) ) | Cause No.: 4:10-cv-000653 |
| DAVID YORK, | ) ) ) | |
| Counterclaim-Defendant/ Third-Party Defendant, | ) ) ) | |
| v. | ) ) | |
| JONATHAN D. DOWELL, MARCUS K. SMITH, WILLIAM PILLING, TRI-POINT DEVELOPMENT, INC., | ) ) ) ) | |
| Defendants/Counterclaim-Plaintiffs, | ) ) | |
| & | ) ) | |
| LINDA PILLING, and LAURA SMITH, | ) ) | |
| Third Party Plaintiffs. | ) | |

*Approved*
*[signature] E. Richard Webber*
*November 22, 2010*

**STIPULATION FOR PROTECTION AND
EXCHANGE OF CONFIDENTIAL INFORMATION**

**IT IS HEREBY ORDERED** that pursuant to the stipulation and agreement by and between the parties, Plaintiff/Counterclaim-Defendant/Third Party Defendant Custom Hardware Engineering & Consulting, Inc. ("CHE"), Counterclaim-Defendant/Third Party Defendant David York ("York"), Defendants/Counterclaim-Plaintiffs Jonathan Dowell ("Dowell"), Marcus Smith ("Smith"), William Pilling ("Pilling") and TriPoint Development, Inc. ("TriPoint), and Third

Party Plaintiffs Linda Pilling and Laura Smith (collectively "Third Party Plaintiffs"), and their attorneys, and pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, this Stipulation and Order will govern the handling of all material produced by the parties or nonparties through discovery, whether formally or informally, that is designated as "confidential material," in the above-captioned case by the parties or nonparty disclosing that information.

This Stipulation and Order will also govern the handling of documents and all other forms of recorded information containing or derived from "confidential material" and will be initially limited to the pre-trial phase of this case. Thereafter, the parties (and to the extent a nonparty has produced documents designated as "confidential" hereunder, a "disclosing nonparty") will reconvene to determine whether any information warrants similar protection at trial.

### Confidential Information

1.  Documents or other material may be designated as "confidential" by a party if they contain or consist of any trade secrets or non-public business or personal information entitled to confidential treatment including, but not limited to, proprietary or sensitive business information, personal and financial information, marketing and bidding information, production design information, computer software, source codes or other data, personnel records, salary information, or such other information the designated party believes in good faith must be protected from public disclosure. Additionally, documents or other material produced by a nonparty may be designated as "confidential" by the disclosing nonparty if they contain or consist of any trade secrets, non-public business, or personal information entitled to confidential treatment.

2. Any summary, compilation, notes, copy, electronic image or database containing "confidential" information as described in Paragraph 1 shall be subject to the terms of this Stipulation and Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

3. "Confidential" information does not include that which (1) is or becomes generally available to the public other than as a result of a disclosure by one of the parties or its representative, or (2) was within a party's possession prior to its being furnished to the other party by or on behalf of the other party pursuant hereto, provided that the source of such information was not known by the party to be bound by a confidentiality agreement with or other contractual, legal or fiduciary obligation of confidentiality to the other party or any other party with respect to such information, or (3) becomes available to a party on a non-confidential basis from a source other than the other party or any of its representatives, provided that such source is not bound by a confidentiality agreement with or other contractual, legal or fiduciary obligation of confidentiality to the party or any other party with respect to such information, or (4) is required to be disclosed pursuant to applicable law, regulation or legal process.

4. With respect to the material described in Paragraphs 1 and 2, the disclosing party or disclosing nonparty shall mark or designate as "confidential material," any or all portions of the material it wishes to protect from disclosure to third parties and/or from use outside of this litigation.

5. Documents that a party or disclosing nonparty wishes to designate as "confidential material," will bear a stamp or label on the fact of the document or material so indicating.

6. The parties agree that a disclosing party's or disclosing nonparty's failure to mark or designate any produced material as "confidential material," prior to the production of such material does not constitute a waiver of the disclosing party's right to designate such material as "confidential material," promptly following production.

7. Documents Produced by Third Parties. The parties agree that certain information and documents produced by a third-party pursuant to the Court's subpoena power may contain "confidential information." The parties therefore agree that within ten calendar days of receipt of the subpoenaed third-party's documents the subpoenaing party shall provide a full and complete copy of the documents to the non-subpoenaing party and all said documents shall remain "confidential information" for a period of fourteen days. Thereafter, the non-subpoenaing party may designate the document per the terms of this Stipulation and Order and the remaining provisions of this Order shall operate as needed.

### Disclosure and Use of Confidential Information

8. Persons having knowledge of "confidential" information by virtue of their participation in the conduct of this litigation shall use any "confidential" information for the sole and exclusive purpose of pursuing this litigation and shall not use any portion or summary thereof for any other purpose whatsoever, unless it becomes independently available to the receiving party.

9. "Confidential" material shall not be disclosed to a third party or publicized without the prior written consent of counsel for the producing party, or if applicable, the producing nonparty, except that such information may be disclosed to:

    a. Counsel for the parties, or as applicable the disclosing nonparty, including the employees of such counsel to the extent necessary to assist counsel in this litigation;

4

  b. The Court and its employees;

  c. Photocopy or document imaging vendors and court reporters retained by the parties or disclosing nonparty;

  d. Expert witnesses, but only if the expert first agrees n writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A.;

  e. Other witnesses as appropriate when testifying at a deposition, hearing or trial, or in preparation for any such testimony, but only if the witness first agrees in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A.

  f. A court reporter and/or a videographer.

  10. If a party wishes to disclose "confidential" information to any person not described in Paragraph 9, permission to so disclose must be requested from the opposing party. If the opposing party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, the Court orders otherwise.

  11. Depositions of Deponents may be designated Confidential by indicating that fact on the record at the deposition. If a Deponent advises the court reporter that Confidential Information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: **"DEPOSITION CONTAINS CONFIDENTIAL INFORMATION."** Within fifteen (15) business days of receipt of the initial hard copy deposition transcript, Deponents shall advise the court reporter and counsel to the parties of the specific pages and lines in which Confidential Information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential and amend the cover page to reflect that these specific designations have been made. Counsel for the parties may have immediate access to the deposition transcript, but prior to the page and line. No one may attend or review the transcripts of the portions of any depositions at which Confidential

5

Information is shown or discussed, other than the court reporter, attorneys of record, outside consultants, investigators or experts and the Deponents.

12. Prior to obtaining access to Confidential Information, any person to whom Confidential information may be disclosed pursuant to this Paragraph 9, Subsections (d)-(e), except the Court and its personnel and the court reporter or videographer, shall be shown and shall read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment"). Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if the Court so orders, shall provide a copy of the signed acknowledgment to all counsel of record and Deponents' counsel.

### General Provisions

14. Except to the extent expressly authorized in this Protective Order, Confidential Information shall not be used or disclosed for any purpose other than the preparation and trial of this case, and/or any appeal therefrom.

15. Any party may object to a designation by notifying the Deponents in writing of that objection and specifying the designated material to which the objection is made. The parties and Deponents' counsel shall, within fifteen (15) days of service of the written objection, confer concerning the objection. If the objection is not resolved, the objecting party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. The party designating the information as confidential shall have the burden of proof as to the necessity of the designation. If a motion is filed, information subject to dispute shall, until further order of the Court, be

6

treated consistently with its designation. With respect to any material which is redesignated or ceases to be subject to the protection of this Protective Order, the Deponents shall, at their expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate.

16. Producing "confidential" information or entering into, agreeing to, or otherwise complying with the terms of this Stipulation and Order will not prejudice the right of any party or disclosing nonparty to (1) object to any discovery request seeking production of material it considers to be privileged or otherwise not subject to discovery, or (2) redact confidential information believed to be privileged or otherwise not subject to discovery.

17. This Stipulation and Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court.

18. The provisions of this Stipulation and Order will be enforceable by the Court. In the event of a finding by the Court that this Stipulation and Order has been breached, the Court may order any relief that it deems just and equitable, including monetary damages.

19. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Protective Order, notwithstanding the termination of this action.

20. Within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall return all Confidential Information produced by the Deponents in this litigation (other than exhibits at the official court of record) to the Deponents or shall, at the sole option of the Deponents, destroy such information. Counsel for any party or third party receiving Confidential Information shall make written certification of compliance

7

with this provision and shall deliver the same to counsel for Deponents within sixty (60) days after the conclusion of this action

**SO STIPULATED:**

_/s/ Kevin J. Dolley_
Kevin J. Dolley        #117137
THE LAW OFFICES OF
 KEVIN DOLLEY
7750 Clayton Road, Suite 102
St. Louis, Missouri 63117
(314) 645-4100
(314) 645-7901/Fax
kevin@dolleylaw.com

Attorney for Jonathan Dowell, Marcus Smith, William Pilling, TriPoint Development, Inc., Linda Pilling and Laura Pilling

_/s/ Timm W. Schowalter_
Timm W. Schowalter    #66308
David A. Doellman      #61730MO
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939
(314) 621-6844/Fax
tschowalter@lashlybaer.com
ddoellman@lashlybaer.com

Attorneys for Custom Hardware Engineering & Consulting, Inc. and David York

_/s/ A. Mick Henderson_
A. Mick Henderson.   #5246070
HENDERSON LAW, P.C.
7750 Clayton Road, Suite 102
St. Louis, Missouri 63117
(314) 645-4400
(314) 645-7901/Fax
amh@hendersonlawpc.com

Attorney for Marcus Smith

_/s/ Richard B. Hein_
Richard B. Hein       #65012
THE LAW OFFICES OF RICHARD B. HEIN
7750 Clayton Road, Suite 102
St. Louis, Missouri 63117
(314) 645-7900
(314) 645-7901/Fax
rickhein86@hotmail.com

Attorney for Marcus Smith

**SO ORDERED:**

This _____ day of _____, 2010

_____ _____
Hon. E. Richard Webber
District Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **CUSTOM HARDWARE ENGINEERING & CONSULTING, INC.,** ) ) ) Plaintiff/Counterclaim-Defendant/ ) Third Party Defendant, ) ) & ) ) **DAVID YORK,** ) ) Counterclaim-Defendant/ ) Third-Party Defendant, ) ) v. ) ) **JONATHAN D. DOWELL, MARCUS K. SMITH, WILLIAM PILLING, TRI-POINT DEVELOPMENT, INC.,** ) ) ) ) Defendants/Counterclaim-Plaintiffs, ) ) & ) ) **LINDA PILLING, and LAURA SMITH,** ) ) Third Party Plaintiffs. ) | Cause No.: 4:10-cv-000653 |

## CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, being duly sworn on oath, state the following:

1. I have read and understand the Protective Order to which this Exhibit A is annexed and I attest to my understanding that access to information designated Confidential may

i

be provided to me and that such access is pursuant to the terms and conditions and restrictions of the Protective Order. I agree to be bound by the terms of the Protective Order.

   2.  I shall not use or disclose to others, except in accordance with the Protective Order, any Confidential Information. I also shall return all Confidential Information provided to me in this litigation to case counsel for the party I present within thirty (30) days after the conclusion of this action, including the exhaustion of all appeals. If I fail to abide by the terms of this Confidentiality Acknowledgment or the Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court, which includes the power to impose compensatory damages to remedy contemptuous conduct.

Dated:_____

_____
Signature

_____
Printed Name

_____
Address

_____
Individual or Entity Represented

_____

  Subscribed and sworn to before me this ___ day of _____, 2010/2011.

_____
Notary Public

My Commission Expires:_____

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

1) Kevin J. Dolley, Esq.
   THE LAW OFFICES OF KEVIN DOLLEY
   7750 Clayton Road, Suite 102
   St. Louis, MO 63117
   kevin@dolleylaw.com

2) A. Mick Henderson, Esq.
   HENDERSON LAW, P.C.
   7750 Clayton Road, Suite 102
   St. Louis, MO 63117
   amh@hendersonlawpc.com

3) Richard B. Hein, Esq.
   THE LAW OFFICES OF RICHARD B. HEIN
   7750 Clayton Road, Suite 102
   St. Louis, MO 63117
   rickhein86@hotmail.com

                                                */s/ Timm W. Schowalter*
                                                Timm W. Schowalter

Case: 4:10-cv-00653-ERW Doc. #: 103 Filed: 11/22/10 Page: 12 of 12 PageID #: 1430
Case 4:10-cv-00653-ERW Document 100 Filed 11/19/10 Page 12 of 12

iii