IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUSTOM HARDWARE ENGINEERING & CONSULTING, INC., | )<br>)<br>) |
| Plaintiff/Counterclaim-Defendant/ Third-Party Defendant, | )<br>)<br>) |
| & | ) Cause No.: 4:10-cv-000653 |
| DAVID YORK, | )<br>) |
| Counterclaim-Defendant/ Third-Party Defendant, | )<br>)<br>) |
| v. | )<br>) |
| JONATHAN D. DOWELL, MARCUS K. SMITH, WILLIAM PILLING, TRI-POINT DEVELOPMENT, INC., | )<br>)<br>)<br>) |
| Defendants/Counterclaim-Plaintiffs, | ) |
| & | )<br>) |
| LINDA PILLING, and LAURA SMITH, | )<br>) |
| Third-Party Plaintiffs. | ) |

## CUSTOM HARDWARE ENGINEERING & CONSULTING, INC. AND DAVID YORK'S MOTION FOR PROTECTIVE ORDER

COME NOW Plaintiffs/Counterclaim Defendants Custom Hardware Engineering & Consulting, Inc. ("CHE") and David York (York), (collectively hereinafter "Plaintiffs"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and move this Court for a protective order forbidding the disclosure and discovery of certain documents and information to Defendants/Counterclaim Plaintiffs, and in support thereof state:

1. On Tuesday, March 15, 2011, Defendants/Counterclaim Plaintiffs served Plaintiffs with their Notice of Corporate Designee Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure for the deposition of the corporate designee of CHE. See Defendants/Counterclaim Plaintiffs' Notice of Corporate Designee Deposition attached hereto as Exhibit A and incorporated herein by reference.

2. Defendants/Counterclaim Plaintiffs' deposition notice contains a list of documents that they request be produced at the time of deposition and a list of topics upon which they intend to examine the deponent.

3. Largely, the documents and information Defendants/Counterclaim Plaintiffs seek to have the deponent testify to information relating to CHE's services contracts with all third-party entities, any and all contracts related to the *use* of E-PET licenses by any external system, and information related to the net profits acquired by CHE for licensing E-PET to external systems.

4. The discoverability of said documents and information is currently the subject of a discovery dispute between the parties, and the matter is presently before the Court and has been extensively briefed. [Doc. Nos. 157, 158, 162 and 163].

5. As is set forth in Plaintiffs' Memorandum in Opposition to Defendants/Counterclaim Plaintiffs' Motion to Compel, said documents and information are either not germane to any of Defendants/Counterclaim Plaintiffs' claims or do not exist because CHE **has never sold** PET/PET licenses to any external entity, and, inarguably, only *the sale* of PET/E-PET licenses would form any basis for Defendants/Counterclaim Plaintiffs' Counterclaims. See Declaration of David York attached hereto as Exhibit B and incorporated herein by reference; see also W. Pilling Employment Offer Letters, dated June 14, 2002 and

April 23, 2003 (re-hire), respectively, attached hereto, collectively, as <u>Exhibit C</u> and incorporated herein by reference; <u>see</u> <u>also</u> June 22, 2004 Deposition of William Pilling attached hereto as <u>Exhibit D</u> and incorporated herein by reference; <u>see</u> also Declaration of Terry G. Neckar attached hereto as <u>Exhibit G</u> and incorporated herein by reference.

6. The documents requests and topics of information stated in Defendants/Counterclaim Plaintiffs' deposition notice are irrelevant and/or do not exist, a fact that has been communicated to Defendants/Counterclaim Plaintiffs and their counsel on several occasions to date.

7. Counsel for Plaintiffs has attempted to confer in good faith with counsel for Defendants/Counterclaim Plaintiffs in attempt to resolve this discovery dispute without the Court's intervention, to no avail.

8. That Defendants/Counterclaim Plaintiffs' have again requested this information under the guise of a deposition notice, despite their knowledge that the documents they seek either do not exist or are wholly irrelevant to their counterclaims is further indicia of the oppressive, burdensome and harassing nature of Defendants/Counterclaim Plaintiffs' discovery requests and counterclaims.

9. The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1).

10. Thus, Plaintiffs request this Court enter a Protective Order forbidding the disclosure or discovery of the aforementioned information and forbidding inquiry by Defendants/Counterclaim Plaintiffs and their counsel into same.

11. Plaintiffs file herewith their Memorandum in Support of Protective Order and incorporate same herein by reference.

**WHEREFORE**, for good cause shown, Plaintiffs Custom Hardware Engineering & Consulting, Inc. and David York, for the foregoing reasons, as well as those set forth more fully in Plaintiffs/Counterclaim Defendants' Memorandum in Support of their Motion for Protective Order, respectfully request the Court enter an Order:

a. Granting their Motion for Protective Order;

b. Forbidding the disclosure and discovery of any and all documents or information relating to, referencing or identifying:

   i. External systems which were supported by E-PET during Pilling's employment at CHE,

   ii. Contracts related to the use or the duration of the use of E-PET licenses by any external system,

   iii. Contracts with hardware maintenance companies,

   iv. The net profits acquired by CHE for licensing E-PET to external systems, and

   v. Contracts with companies through which E-PET was used during the course of the contract;

c. Forbidding inquiry by Defendants/Counterclaim Plaintiffs and their counsel into topics pertaining, relating, referencing, directly or indirectly, to:

   i. External systems which were supported by E-PET during Pilling's employment at CHE,

   ii. Contracts related to the use or the duration of the use of E-PET licenses by any external system,

   iii. Contracts with hardware maintenance companies,

   iv. The net profits acquired by CHE for licensing E-PET to external systems, and

   v. Contracts with companies through which E-PET was used during the course of the contract;

4

d.  Ordering Defendants/Counterclaim Plaintiffs and/or their counsel of record to reimburse Plaintiffs for all costs and attorney's fees associated with bringing the instant Motion; and

e.  Granting such other and further relief as this Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Timm W. Schowalter*
| Timm W. Schowalter | #45831MO |
| David A. Doellman | #61730MO |
| Shontaia J. Riley | #62166MO |

LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939
(314) 621-6844/Fax
tschowalter@lashlybaer.com
ddoellman@lashlybaer.com
sriley@lashlybaer.com

Attorneys for Custom Hardware Engineering & Consulting, Inc. and David York

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of March, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

1)     Kevin J. Dolley, Esq.
       THE LAW OFFICES OF KEVIN DOLLEY
       7750 Clayton Road, Suite 102
       St. Louis, MO 63117
       kevin@dolleylaw.com

2)     A. Mick Henderson, Esq.
       HENDERSON LAW, P.C.
       7750 Clayton Road, Suite 102
       St. Louis, MO 63117
       amh@hendersonlawpc.com

3)     Richard B. Hein, Esq.
       THE LAW OFFICES OF RICHARD B. HEIN
       7750 Clayton Road, Suite 102
       St. Louis, MO 63117
       rickhein86@hotmail.com

                                                        */s/ Timm W. Schowalter*
                                                        Timm W. Schowalter