UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Custom Hardware Engineering & Consulting, Inc., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 4:10CV000653 ERW |
| Jonathan D. Dowell, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The matter comes before the Court on Defendants' Motion to Reconsider, for Production of Document for Attorney's Eyes Only or in the Alternative to Clarify the Court's May 5, 2011 Order [doc. #193].

## I.    BACKGROUND

The Court held a hearing on Defendants' Motion to Compel Production of Documents and Answers and Interrogatories [doc. #157] on March 23, 2011. Counsel for both parties were present and arguments were heard. The Court issued a Memorandum and Order on March 25, 2011, granting Defendants' Motion, in part. On March 30, 2011, a telephone conference was held, wherein the parties sought clarification on the March 25th Memorandum and Order. The Court decided that a hearing was necessary to fully discuss these matters. The Court held a hearing on April 4, 2011, wherein the Parties again presented arguments on this Motion, and the Court determined that it would conduct an *in camera* review of certain documents. Plaintiff submitted the documents and materials as required by the Court's April 4th Order, in addition to

subsequent Orders on April 18 and April 26, 2011.  The Court conducted its review and

concluded in its May 5, 2011 Memorandum and Order that Plaintiff will not be required to

produce the documents and materials that were submitted to the Court for *in camera* review.

Specifically, the Court ordered that, consistent with this Court's March 25th Order, and omitting

the documents produced by Plaintiff for the Court's *in camera* review, Third-Party Defendants

would produce all documents and materials previously ordered produced in the Court's March

25th Order.  In their Motion, Defendants argue that "[d]enying the production of . . . documents

[produced by Plaintiffs for *in camera* review] is severely prejudicial to Defendants."  Defendants

request that this Court order Plaintiffs to produce these documents for attorney's eyes only, or in

the alternative, to clarify the Court's May 5, 2011 Memorandum and Order.

## II.    DISCUSSION

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil

Procedure. Typically, courts construe a motion to reconsider as a motion to alter or amend

judgment under Federal Rule of Civil Procedure 59(e).  This Court's May 5, 2011 Memorandum

and Order cannot be classified as a "judgment," therefore Defendants' Motion for

Reconsideration does not fall within the parameters of Rule 59(e).  However, courts can also

construe a motion to reconsider as a motion for relief from a final judgment, order, or proceeding

under Fed. R. Civ. P. 60(b), which the Defendants argue for in the current Motion.  Therefore,

Defendants' Motion for Reconsideration may be considered pursuant to Rule 60(b), which allows

relief from an order due to:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been

discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier

judgment that has been reversed or vacated; or applying it prospectively is no longer

equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) ("[W]e

have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions

when directed at non-final orders.'").

As Defendants argue, the applicable ground for relief is Rule 60(b)(6)'s catch-all

provision, which provides that relief may be granted for "any other reason that justifies relief."

The Court notes that relief under "Rule 60(b) is an extraordinary remedy" that is "justified only

under 'exceptional circumstances.'" *Prudential Ins. Co. of America v. National Park Med. Ctr.,*

*Inc.,* 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir.

1999)). Further, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances

have denied the moving party a full and fair opportunity to litigate his claim and have prevented

the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir.

2005).

The Court begins by noting that the Rule 60(b)(6) catch-all provision is not a vehicle for

setting forth arguments that were made or could have been made earlier in the proceedings. *See*

*Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999) ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity.  This is not the purpose of Rule 60(b). . . . It is not a vehicle for simple reargument on the merits.").  In their Memorandum in Support of their Motion, Defendants do not present any arguments that were not previously considered by this Court.  Defendants merely argue again that the documents submitted for *in camera* review, which consist of unredacted copies of contracts between Custom Hardware Engineering & Consulting and MVSS, IBM, State of California, Fannie Mae, and Bank of America, "relate largely to the allegations contained in Defendants' counterclaims and are highly probative and relevant."  Defendants also argue that "[t]he documents are central to Defendants' ability to adequately prepare for the steps leading to an upcoming trial."  These are the same arguments presented to the Court in Defendants' Motion to Compel [doc. #157, pp. 13, 18], and which the Court heard in its hearings on the Motion. Defendants have not presented any further explanation for why the Court should reconsider its Order.  Furthermore, Defendants have failed to sufficiently show that "exceptional circumstances have denied [Defendants] a full and fair opportunity to litigate [their] claim[s] and have prevented [them] from receiving adequate redress."  *Harley*, 413 F.3d at 871.  In fact, Defendants state that they intend to subpoena the documents from third parties if the Court fails to grant the requested relief.  The Court, therefore, finds that Defendants have not demonstrated justification for the "extraordinary remedy" of granting Defendants' requested relief pursuant to Rule 60(b). The Court reviewed the documents submitted by Plaintiffs and, using its discretion, determined that Plaintiffs would not be required to product the aforementioned documents.  For the foregoing reasons, the Court declines to provide any further clarification on this matter.

### III.    CONCLUSION

In sum, the Court finds that Defendants have failed to demonstrate that "exceptional circumstances" exist such that relief from this Court's May 5, 2011 Memorandum and Order would be justified under Rule 60(b).  *Prudential Ins. Co. of America v. National Park Med. Ctr., Inc.,* 413 F.3d 897, 903 (8th Cir. 2005).  "'Exceptional circumstances' are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at."  *Atkinson v. Prudential Property Co.*, 43 F.3d 367, 373 (8th Cir. 1994).  Thus, Defendants' Motion for Reconsideration, for Production of Document for Attorney's Eyes Only or in the Alternative to Clarify the Court's May 5, 2011 Order [doc. #193]. will be denied and the Court's May 5, 2011 Memorandum and Order will stand.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration, for Production of Document for Attorney's Eyes Only or in the Alternative to Clarify the Court's May 5, 2011 Order [doc. #193] is **DENIED**.

Dated this <u>11th</u> day of <u>July</u>, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE