UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUSTOM HARDWARE ENGINEERING  )<br>& CONSULTING, INC., )<br>)<br>    Plaintiff/Counterclaim-Defendant/ )<br>    Third-Party Defendant, )<br>)<br>& )<br>)<br>DAVID YORK, )<br>)<br>    Counterclaim-Defendant/ )<br>    Third-Party Defendant, )<br>)<br>     v. )<br>)<br>JONATHAN D. DOWELL, et al., )<br>)<br>    Defendants/Counterclaim-Plaintiffs, )<br>)<br>& )<br>)<br>LINDA PILLING and LAURA SMITH, )<br>)<br>    Third-Party Plaintiffs. ) | Case No. 4:10CV00653 ERW, |

**MEMORANDUM AND ORDER**

This matter comes before the Court on: Plaintiff Custom Hardware Engineering & Consulting, Inc.'s ("Custom Hardware") Motion to Compel and for Discovery Sanctions against Defendants, [ECF No. 204]; Custom Hardware's Rule 37 Motion for Sanctions against Defendants William Pilling and Tri-Point Development, Inc. [ECF No. 211]; Custom Hardware and Counterclaim-Defendant David York's Motion for Leave and/or to Modify the Court's Case Management Order [ECF No. 213]; and Defendants' Motion to Strike the Expert Report of Scott Greene, to Strike Greene's Expert Designation, and for Sanctions against Custom Hardware's Counsel [ECF No. 218].

I. **PLAINTIFF CUSTOM HARDWARE'S MOTION TO COMPEL AND FOR DISCOVERY SANCTIONS AGAINST DEFENDANTS [ECF No. 204].**

This Court has previously ordered the parties to conduct electronic discovery of the documents, emails, files and similar digital information present on Defendants' computers in accordance with the procedure set forth in *Ameriwood Industries v. Liberman*, No. 4:06CV523-DJS, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006).  Thus, Defendants have turned over their computers and computer hard drives to forensic imaging experts, and these experts have created "mirror image" copies of the contents of Defendants' computer equipment.  Defendants were to respond to Custom Hardware's discovery requests by accessing and searching these mirror images copies.  The parties, however, have been unable to agree to a list of terms for Defendant to use when searching these mirror image copies.  Thus, to date, almost no discovery has been completed.

Therefore, the Court will now order each party to exchange, and to provide to the Court, a list of proposed search terms no later than Friday, December 16, 2011.  Each party will then have five (5) days to submit objections to the opposing party's list.  The Court will review each party's list and objections, and issue an Order that sets forth the list of terms that Defendants are to use to search the mirror image copies.  Defendants will then have thirty (30) days to complete that search, to review the returned list of responsive documents and files for privilege, and then to turn over all non-privileged responsive documents and files to Custom Hardware.

Custom Hardware also complains that Defendants have produced source code and object code recovered from the mirror image copies in an unreadable computer format.  Accordingly, Defendants are ordered to provide Custom Hardware with a copy of all source codes and object codes in readable print-out within ten (10) days.

II.    **CUSTOM HARDWARE'S RULE 37 MOTION FOR SANCTIONS AGAINST DEFENDANTS WILLIAM PILLING AND TRI-POINT DEVELOPMENT, INC. [ECF No. 211].**

Based on the conclusions of Scott Greene, whom the parties jointly selected to conduct forensic imaging of Defendant William Pilling's computers, Custom Hardware asserts that Pilling has installed and run on his computers a program known as "Eraser 6". Custom Hardware states that Eraser 6 is a data-wiping program that is specifically designed to delete computer files and is sufficiently sophisticated as to make it impossible to determine what files have been deleted. Custom Hardware therefore complains that Pilling has intentionally destroyed evidence, thereby making it impossible to complete discovery.

Custom Hardware's Motion for Rule 37 Motion for Sanctions will be denied. At trial, however, the jury will be permitted to hear evidence of Pilling's use of the Eraser program, his removal of the Eraser program from his computer(s), his installation of the Eraser 6 program onto his computer(s), and his alleged use of the Eraser program(s) to delete files on his computer. In addition, the Court will decide, at the time of submission of the evidence to the jury, whether an adverse inference jury instruction is appropriate.

III.    **CUSTOM HARDWARE AND COUNTERCLAIM-DEFENDANT YORK'S MOTION FOR LEAVE AND/OR TO MODIFY THE COURT'S CASE MANAGEMENT ORDER [ECF No. 213].**

Custom Hardware moves the Court to amend its latest Case Management Order. Defendants agree that the Case Management Order should be amended. Accordingly, the parties are instructed to confer, to reach an agreement as to a new case management schedule, and to submit a joint proposed case management order within seven (7) days.

IV. **DEFENDANT'S MOTION TO STRIKE THE EXPERT REPORT OF SCOTT GREENE, TO STRIKE GREENE'S EXPERT DESIGNATION, AND FOR SANCTIONS AGAINST CUSTOM HARDWARE'S COUNSEL [ECF NO. 218].**

Defendants' Motion will be denied.

V. **CONCLUSION.**

Accordingly, and as set forth herein,

**IT IS HEREBY ORDERED** that Plaintiff Custom Hardware's Motion to Compel and for Discovery Sanctions against Defendants, [ECF No. 204], is **DENIED**. However, the parties are ordered to exchange, and to submit to the Court, a list of its proposed search terms no later than Friday, December 16, 2011, and thereafter to submit to the Court within five (5) days any objections to the opposing party's list. In addition, Defendants are ordered to provide Custom Hardware with a copy of all source codes and object codes in readable print-out within ten (10) days.

**IT IS FURTHER ORDERED** that Custom Hardware's Rule 37 Motion for Sanctions against Defendants William Pilling and Tri-Point Development, Inc., [ECF No. 211], is **DENIED**. The jury will be permitted to consider Pilling's use of the Eraser program(s), and the Court will determine at that time whether an adverse inference jury instruction is appropriate.

**IT IS FURTHER ORDERED** that Custom Hardware and Counterclaim-Defendant David York's Motion for Leave and/or to Modify the Court's Case Management Order, [ECF No. 213], is **GRANTED**. The parties are ordered to confer, to reach an agreement as to a new case management schedule, and to submit a joint proposed case management order within seven (7) days.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike the Expert Report of Scott Greene, to Strike Greene's Expert Designation, and for Sanctions against Custom Hardware's Counsel, [ECF No. 218], is **DENIED.**

Dated this 15th day of December, 2011.

*E. Richard Webber*
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE