UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUSTOM HARDWARE ENGINEERING & CONSULTING, INC., | ) ) ) |
| Plaintiff/Counterclaim-Defendant/ Third-Party Defendant, | ) ) ) |
| & | ) ) |
| DAVID YORK, | ) ) |
| Counterclaim-Defendant/ Third-Party Defendant, | ) ) ) |
| v. | ) ) |
| JONATHAN D. DOWELL, et al., | ) ) |
| Defendants/Counterclaim-Plaintiffs, | ) ) |
| & | ) ) |
| LINDA PILLING and LAURA SMITH, | ) ) |
| Third-Party Plaintiffs. | ) |

Case No. 4:10CV00653 ERW

**MEMORANDUM AND ORDER**

This matter comes before the Court as a result of repeated and lengthy discovery disputes between Plaintiff Custom Hardware Engineering & Consulting, Inc. ("Plaintiff") and Defendants Jonathan D. Dowell, Marcus K. Smith, William Pillling, Laura A. Smith, and TriPoint Development, Inc. (collectively, "Defendants").

**I.      INTRODUCTION**

Plaintiff Custom Hardware provides computer hardware maintenance services. Plaintiff

provides these services by designing, implementing, and utilizing software programs and other proprietary data and information.  Dowell, Smith, Smith and Pilling are former employees of Plaintiff who, Plaintiff alleges, are bound by non-competition and non-disclosure agreements. Plaintiff alleges these former employees violated these agreements by forming TriPoint Development, Inc., a business in direct competition with Plaintiff.  Furthermore, Plaintiff alleges the former employees formed TriPoint Development by illegally accessing, copying, and using Plaintiff's computer software and data programming source code systems.  As a result, Plaintiff has sued Defendants for copyright infringement, trade secret misappropriation, breach of contract, breach of fiduciary duty, and other related claims.

Because this case concerns advanced computer technology, the Court ordered the parties to conduct discovery of the electronically-stored information ("ESI") present on Defendants' computers in accordance with the three-step procedure set forth in *Ameriwood Industries, Inc. v. Liberman*, No. 4:06CV524-DJS, 2006 WL 3825291 (E.D. Mo. Dec. 27, 2006).  In step one of the *Ameriwood* procedure, the parties select a forensic computer expert to inspect and copy defendants' computer equipment, so that the expert can create "mirror image" duplicates of the contents of those computers.  *Id*. at *5-6.  In step two, the expert recovers from the duplicates all available ESI, including documents, email messages, files, records, and other data that has been deleted, and provides this recovered ESI "in a reasonably convenient and searchable form to defendants' counsel."  *Id*. at *6.  Finally, in step three:

> Within twenty days of the receipt of the recovered documents and data, defendants' counsel shall review the records for privilege and responsiveness, appropriately supplement defendants' responses to discovery requests, and send to plaintiff's counsel all responsive and non-privileged documents and information, in addition to a privilege log, which claims each privilege expressly and describes "the nature of

>   the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5)(A). Thereafter, once plaintiff propounds any further discovery requests, defendants will search through the information provided by the Expert to locate all responsive documents and data, and shall then produce to plaintiff all properly discoverable documents and data, as well as a privilege log, as described above.

*Id*.

Following this procedure, Plaintiff and Defendants selected forensic computer experts Digital Discovery and Evidence Solutions to create duplicates of Defendants' computers. These experts apparently have created these duplicates and provided the ESI recovered from them to Defendants' counsel.[1]  As a result, the parties' quarrel concerns only step three. As described above, in step three, Defendants are to respond to Plaintiff's discovery requests by searching through the recovered ESI and turning over any and all responsive, non-privileged information.

This matter is now before the Court as a result of Plaintiff's Motion to Compel. ECF No. 204.  In that Motion, Plaintiff states that on July 18, 2011, it propounded on Defendants a Request for Production of Documents, but that to date Defendants have failed to respond in any manner to this Request.  Defendants responded that Plaintiff's Request was improper and that all responsive, non-privileged information had already been disclosed. ECF No. 208. The Court heard argument on this matter on December 14, 2011. At that hearing, and as set forth in a subsequent Order, the Court ordered each party to submit a proposal of the list of terms to be used in searching the ESI recovered from Defendants' computers. ECF No. 228 (Order of Dec.

---

[1] Neither party has provided the Court with any information about or description of the duplicates that were created by the experts and provided to Defendants' counsel. Regardless, the Court infers that step two has been completed, based on the written filings and oral arguments that have been presented to the Court, as discussed further below.

15, 2011).  The Court also stated that each party would be permitted to file objections to the opposing party's proposed list.

For its proposed list, Plaintiff continues to rely upon the terms set forth in the Request for Production of Documents previously propounded upon Defendants.  *See* ECF No. 204 at 27-37. Defendants object, arguing that Plaintiff's terms are overbroad and thus likely to produce irrelevant information.  Defendants submit their own proposed list, suggesting that it is preferable because it excludes irrelevant information by requiring precise matches between search terms and ESI.  ECF No. 229.  Plaintiff objects, arguing that Defendants' proposal is unduly narrow and will prevent discoverable ESI from being disclosed.

## II.     STANDARDS FOR DISCOVERY

Federal Rule of Civil Procedure 26(b)(1) states the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Under one of the limitations set forth in Rule 26(b)(2)(C), the court may limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit[.]" Fed.R.Civ.Pro. 26(b)(2)(C)(iii).  Within this scope of discovery, a party may obtain discovery by serving on any other party a request to produce "documents and electronically stored information[.]"  Fed.R.Civ.Pro. 34(a)(1)(A).  This rule applies with full force to discovery of ESI.  Fed.R.Civ.Pro 34(b)(2)(E) (procedure for production of ESI in response to a request for documents); *Ameriwood Industries*, 2006 WL 3825291 at *1, *3; *Rowe Entertainment, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D.N.Y. 2002).

Discovery of ESI is commonly conducted by utilizing keyword searches. "While keyword searches have long been recognized as appropriate and helpful for ESI search and retrieval, there are well-known limitations and risks associated with them." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 250 F.R.D. 251, 260 (D.Md. 2008). These limitations and risks exist because "[k]eyword searches identify all documents containing a specified term regardless of context[.]" *The Sedona Conference Best Practices Commentary on the Use of Search & Information Retrieval Methods in E-Discovery,* 8 Sedona Conf. J. 189, 201 (2007). As a result, such searches may "capture many documents irrelevant to the user's query[,]" but at the same time "exclude common or inadvertently misspelled instances of the term[.]" *Id*. Therefore, "keyword searches end up being both over- and under-inclusive in light of the inherent malleability and ambiguity of spoken and written English (as well as all other languages)." *Id*. As a result, the usefulness of keyword searches as a means of discovery is limited "by their dependence on matching a specific, sometimes arbitrary choice of language to describe the targeted topic of interest." *Id*.

### III.    ANALYSIS

Given the problems that arise from conducting discovery of ESI through keyword searches, other courts that have confronted such issues have simply ordered parties to cooperate and reach agreement. *See William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134 (S.D.N.Y. 2009). Due to Plaintiff and Defendants' extended and recurring discovery disputes in the present case, however, that option is unfortunately not available to the Court. The parties, therefore, have put the Court "in the [] position of having to craft a keyword search methodology for the parties, without adequate information from the parties." *Id*. at 135. The

Court advises the parties to attempt with more civility to resolve similar discovery disputes in the future through agreement or other means.

In its list of proposed search terms, Plaintiff requests "any and all documents which contain, describe, and/or relate in any manner to any of the words, phrases and acronyms, or derivatives thereof, contained in the list [provided], irrespective of whether exact capitalization, alternative spelling, or any other grammatical standard was used." ECF No. 204 at 28. Plaintiff lists the terms to be used in searching the ESI recoverd from Defendants' computers. Taken generally, these terms are names of the parties, names of other related persons or entities, names or terms related to computer technologies, terms related to the formation of TriPoint Deveopment, Inc., and terms affecting calculation of Plaintiff's damages.

Defendants object to Plaintiff's search terms on various grounds. First, Defendants object that Plaintiff's list contains common terms that will produce an unreasonable number of irrelevant results. Defendants have shown the Court no evidence in support of this claim. In addition, Defendants provide no authority in support of this objection, so the Court assumes it to be based on Rule 26(b)(2)(C)(iii) -- that is, that "the burden or expense of the proposed discovery outweighs its likely benefit[.]" Under *Ameriwood*, the forensic computer experts were directed to provide the ESI recovered from Defendants' computer equipment to Defendants' counsel "in a reasonably convenient and searchable form". *Ameriwood*, 2006 WL 3825291 at \*6. Defendants have not made clear to the Court in what form this recovered ESI was provided to Defendants' counsel. However, given *Ameriwood*'s directive, the Court must assume that searching through the recovered ESI is akin to conducting a search of a computer hard drive or of a word processing document. The burden or expense of conducting such a search must be low, and Defendants

have presented the Court with no evidence that suggests otherwise.  *See* Fed.R.Civ.Pro. 26(b)(2)(B) (stating that party objecting to discovery of ESI "must show that the information is not reasonably accessible because of undue burden or cost.").  Finally, because Plaintiff properly seeks information that is within the scope of discovery, it is Defendants' burden to produce all responsive information.  Fed.R.Civ.Pro. 34(b)(2)(A) ("The party to whom the request is directed *must* respond ...") (emphasis added).

Next, Defendants object that Plaintiffs' terms will produce results that are privileged.  Defendants' fears provide no basis to stymie the discovery process.  As stated in *Ameriwood*, in responding to discovery requests Defendants may create "a privilege log, which claims each privilege expressly and describes 'the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.'" *Ameriwood*, 2006 WL 3825291 at \*6 (citing Fed.R.Civ.Pro. 26(b)(5)(A)).  As a result, fear of disclosure of privileged information provides no basis for Defendants to object to the discovery process.  Instead, if Defendants find that responsive information is also privileged, they must so state in a privilege log, as directed by *Ameriwood* and Rule 26(b)(5)(A).

Finally, Defendants' object that some of Plaintiffs' terms will encompass only irrelevant information.  Defendants' objection is a conclusory statement, stated without any argumentation or other support.  Upon review of the challenged terms, the Court finds that a search of these terms may produce "matter that is relevant to any party's claim or defense[.]" Fed.R.Civ.Pro. 26(b)(1).  For these reasons, Defendants' objections to Plaintiff's proposed list of terms are without merit.

The Court also finds that use of Defendants' proposed list would be problematic and inappropriate. Defendants' proposal seeks to limit the amount of responsive ESI produced in a search, by requiring there to be an exact match between the ESI and a keyword search term's phrasing, capitalization, or both. It is well-established, however, that "[k]eyword searches are limited because they are literal and search only for an exact sequence of characters. Thus, they do not pick up variations or misspellings of words or names." *United States v. Triumph Capital Group, Inc.*, 211 F.R.D. 31, 50 (D.Conn.,2002). As a result, Defendants' proposal would fail to produce discoverable ESI simply because of an inexact match in capitalization or phrasing between a search term and the ESI. This outcome is problematic, because whether information is discoverable under Rule 26(b) does not turn on the existence of an exact match in capitalization and phrasing. For this reason, Defendant's proposal would prevent Plaintiff form obtaining discoverable information and is inconsistent with the broad scope of discovery established by Rule 26(b)(1). *See also WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1039 (8th Cir. 2011) (reviewing scope of discovery, and stating that "[b]road discovery is an important tool for the litigant, . . . ."). Defendants' proposed list of search terms is rejected.

V.      CONCLUSION

Accordingly, and as set forth herein,

**IT IS HEREBY ORDERED** that discovery of the ESI recovered from Defendants' computers is to be conducted according to the search terms proposed by Plaintiff. Defendants are to conduct this search and provide all responsive, non-privileged documents to Plaintiff within thirty (30) days. Defendants may compile a privilege log as is necessary and according to the procedures set forth in *Ameriwood* and the Federal Rules. The parties are also reminded that while this Order addresses only discovery of ESI recovered from Defendants' computers, each party remains under the obligation to participate in non-ESI discovery and all other discovery, as is necessary and appropriate.

Dated this 3rd day of January, 2012.

                                        E. RICHARD WEBBER
                                        UNITED STATES SENIOR DISTRICT JUDGE