UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUSTOM HARDWARE ENGINEERING & CONSULTING, INC., | ) ) ) |
| Plaintiff/Counterclaim-Defendant/ Third-Party Defendant, | ) ) ) |
| & | ) ) |
| DAVID YORK, | ) ) |
| Counterclaim-Defendant/ Third-Party Defendant, | ) ) ) |
| v. | ) )   Case No. 4:10CV00653 ERW |
| JONATHAN D. DOWELL, et al., | ) ) |
| Defendants/Counterclaim-Plaintiffs, | ) ) |
| & | ) ) |
| LINDA PILLING and LAURA SMITH, | ) ) |
| Third-Party Plaintiffs. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Custom Hardware Engineering, Inc., and Counterclaim-Defendant David York's ("Plaintiff") Motion to Reconsider or in the Alternative to Clarify this Court's December 15, 2011 Order.  ECF No. 235.

This Court has previously ordered the parties in this case to conduct discovery of the electronically-stored information ("ESI") present on Defendants' computers in accordance with the three-step protocol set forth in *Ameriwood Industries, Inc. v. Liberman*, No. 4:06CV524-DJS,

2006 WL 3825291 (E.D. Mo. Dec. 27, 2006).  ECF No. 152.  In accordance with that protocol, the parties hired forensic imaging computer experts to create "mirror image" duplicates of the information stored on Defendants' computers.  Evidence Solutions, Inc., created the mirror image of defendant William Pilling's computer, while Digital Discovery created the mirror image of defendants Marcus Smith and Jonathan Dowell's computers.

After creating the mirror image of Pilling's computer, Evidence Solutions informed Plaintiff that it found on Pilling's computer a data-wiping software program called "Eraser 6."  Based on this information, Plaintiff filed a Motion for Sanctions against Pilling and Tri-Point Development, Inc., contending that Pilling had updated and used the Eraser 6 program during the instant litigation to destroy evidence.  ECF No. 211.  Plaintiffs asked the Court to sanction Pilling and Tri-Point by entering default judgment against them and dismissing their counterclaims, or, in the alternative, by giving an adverse inference instruction to the jury.  In addition, Plaintiff asked the Court to order a search of defendants Marcus Smith and Jonathan Dowell's computers, to determine whether Eraser 6 or some similar data-wiping software program was also present on their computers.

In an Order issued on December 15, 2011, the Court denied Plaintiff's request for default and dismissal, but then stated that Plaintiff would be permitted to present evidence at trial of Pilling's use of the Eraser program, and that the Court would decide at trial whether an adverse inference jury instruction was appropriate.  ECF No. 228.  However, the Court inadvertently neglected to address Plaintiff's additional request: that the computers of defendants Smith and Dowell be searched for the presence of data-wiping software.  Plaintiff renews this request in the pending Motion.  ECF No. 235.  Plaintiff has properly presented this issue to the Court, because

the Court has the inherent power to review and revise its Orders prior to the entry of final judgment.  Fed.R.Civ.Pro. 54(b); *Auto Services Co. v. KPMG, LLP*, 537 F.3d 853, 856-57 (8th Cir. 2008) (citing Rule 54(b) and cases).

In the pending Motion, Plaintiff asks the Court to order Digital Discovery to search the mirror images it created of Smith and Dowell's computers for the presence of data-wiping software.  Plaintiff requests this search occur within ten (10) days and at Defendants' expense.  In support, Plaintiff states that Digital Discovery has the technological capability to conduct such a search.  Plaintiff states further that Digital Discovery can perform this search without prejudice to Defendants, as it is already in possession of mirror images of Smith and Dowell's computers.  Finally, Plaintiffs assert that in fairness they must be permitted to discover whether Smith and Dowell have also used data-wiping software to destroy evidence relevant to this case, as it will have great bearing on whether an adverse interference jury instruction is warranted.

Defendants raise two arguments in objection to Plaintiff's request.  First, Defendants argue that subjecting Smith and Dowell's computers to an additional search is unnecessary, because these defendants have already complied with the *Ameriwood* protocol.  This argument is unavailing, because Smith and Dowell's compliance with *Ameriwood* does not resolve whether or not data-wiping software is present on their computers.  Next, Defendants argue that Plaintiffs have failed to identify a clear and manifest error of fact or of law warranting reconsideration.  This argument fails, because whether a court may review a Rule 54(b) motion for reconsideration is not dependent upon the existence of some clear and manifest error; instead, a district court enjoys "general discretionary authority to review and revise its interlocutory ruling prior to the entry of final judgment." *Auto Services Co.*, 537 F.3d at 857.

Based on the history of this case, Plaintiff will be permitted to learn whether data-wiping software is present on defendants Dowell and Smith's computers. The parties have previously shared the expenses of creating mirror image duplicates of Defendants' computers. *See* ECF No. 187; 221. To date, Plaintiff has presented no evidence suggesting data-wiping software is in fact present on the computers of either Smith or Dowell. Thus, the parties will continue their established practice of sharing the costs of computer forensic imaging expert services.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Custom Hardware Engineering, Inc., and Counterclaim-Defendant David York's Motion to Reconsider or in the Alternative to Clarify this Court's December 15, 2011 Order, ECF No. 235, is **GRANTED**, in part. Within ten (10) days, Digital Discovery is to determine whether data-wiping software is present on the computers of defendants Marcus Smith and Jonathan Dowell by searching the mirror image duplicates created of those computers. Upon completion of this search, Digital Discovery is to submit a report detailing its findings and conclusions to each party. That report shall also detail the expenses it incurred in completing the search and report. Each party shall pay one-half of Digital Discovery's expenses, and shall also submit to the Court confirmation of payment.

Dated this 18th day of January, 2012.

_____
E. RICHARD WEBBER
UNITED STATES SENIOR DISTRICT JUDGE