UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUSTOM HARDWARE ENGINEERING & CONSULTING, INC., | ) ) ) |
| Plaintiff/Counterclaim-Defendant/ Third Party Defendant, | ) ) ) |
| & | ) ) Cause No.: 4:10-cv-000653-ERW |
| DAVID YORK, | ) ) |
| Counterclaim-Defendant/ Third-Party Defendant, | ) ) ) |
| v. | ) ) |
| JONATHAN D. DOWELL, MARCUS K. SMITH, WILLIAM PILLING, TRI-POINT DEVELOPMENT, INC., | ) ) ) ) |
| Defendants/Counterclaim-Plaintiffs, | ) ) |
| & | ) ) ) |
| LINDA PILLING, and LAURA SMITH, | ) ) |
| Third-Party Plaintiffs. | ) |

**PLAINTIFF CHE CONSULTING, INC. AND COUNTERCLAIM DEFENDANT DAVID YORK'S MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER <u>AND EXPEDITED HEARING</u>**

COME NOW Custom Hardware Engineering & Consulting, Inc. and David York (hereinafter collectively "Plaintiffs") and for their Memorandum in Support of Motion for Protective Order and Expedited Hearing state as follows:

1

I.     INTRODUCTION

On or about March 28, 2012 Defendants/Counterclaim Plaintiffs Jonathan Dowell, Marcus Smith, William Pilling, and Tri-Point Development, Inc. (hereinafter collectively "Defendants") served subpoenas on American Express, Bank of America, Dell, Inc., Exxon Mobil, Fannie Mae, Hewlett-Packard Company, and IBM Global Services (hereinafter collectively "subpoenas")(attached hereto as Exhibits 1-7).  The subpoenas amount to a blatant attempt to obtain proprietary information that this Court has previously determined is not discoverable.  Almost exactly one year ago Defendants attempted, via written discovery and a corporate deposition notice, to obtain *identical* information.  The Court reviewed certain documents *in camera* and ruled that the information sought by Defendants was not to be produced by Plaintiffs[1].  For reasons that will be discussed more fully below this Court should issue a Protective Order and prevent Defendants from successfully circumventing its previous Order and obtaining information that is not only irrelevant to this matter, but also proprietary information that will harm CHE's business interests if disclosed.

II.    PROCEDURAL HISTORY

On or about December 6, 2010 Defendants propounded discovery on Plaintiff. Defendant Pilling requested, among other things, that Plaintiff produce information regarding PET or E-PET licenses.  Defendant Pilling's counterclaims include allegations of unpaid wages and breach of contract, contending that CHE failed to pay him 20% of the net profits from the *sale* of PET licenses while he was employed at CHE.  Defendant Pilling claimed that the

---

[1] As will be discussed more fully below, this Court's previous *in camera* review consisted of documents from IBM, American Express, Fannie Mae and Bank of America.  To the extent that Defendants' subpoenas encompass documents from corporations that were not previously at issue, they seek identical information that is equally irrelevant to the issues presented in this case.  Further, as with the documents previously reviewed by this Court, the subpoenas seek to obtain confidential proprietary information that should not be subject to disclosure.  If this Court determines that it will permit Defendants to proceed with their subpoenas, particularly those to Hewlett-Packard, Exxon Mobil, and Dell, Inc., Plaintiffs respectfully request that this Court perform the same thorough *in camera* review prior to permitting Defendants to obtain documents it deems relevant and discoverable.

2

information sought was relevant to his assertion that he is entitled to royalties from the alleged *sale* of PET/E-PET licenses. Plaintiff objected to these Requests on numerous grounds, including, importantly, that CHE has never sold or entered into a licensing agreement with an external entity relating to PET/E-PET software. See Declaration of David York, attached hereto as Exhibit 8. On or about, March 1, 2011 Defendants filed their Motion to Compel and Memorandum in Support thereof (Docs. #157 and 158). Plaintiffs filed their Memorandum in Opposition on or about March 8, 2011. (Doc #162). Plaintiffs' Memorandum in Opposition explains, in detail, the reasons that the information sought by Defendants is wholly irrelevant to this litigation[2].

At the same time that these discovery issues were being addressed by the parties, Defendants served Plaintiffs with their Notice of Corporate Designee Deposition. The Notice was largely aimed at obtaining documents and information relating to Plaintiffs' service contracts with third-party entities, and any and all contracts related to the use of E-PET licenses by any external system. In other words, Defendants' Notice of Deposition sought identical documents to those requested in Pilling's Request for Production. Plaintiffs filed their Motion for Protective Order and Memorandum in Support thereof on or about March 21, 2011. (Docs. #170 and 171). Here, again, Plaintiffs explained in detail that they do not and did not during Pilling's employment with CHE, externally sell PET/E-PET software. Plaintiffs further pointed out that Defendant Pilling's Requests for Production and Notice of Corporate Designee Deposition sought documents and information pertaining to all of CHE's service contracts with

---

[2] Plaintiffs have extensively briefed the issues central to this Motion for Protective Order in their Memorandum in Opposition to Defendant's Motion to Compel (Doc. #162); Plaintiffs' Motion for Protective Order (Doc. #170); Plaintiffs' Memorandum in Support of Motion for Protective Order (Doc. #171); and Plaintiffs' Memorandum in Opposition to Defendants' Motion to Reconsider for Production of Documents for Attorney's Eyes Only or in the Alternative to Clarify the Court's May 5, 2011 Order (Doc #196). Given the similarities between the documents sought via subpoena that are at issue in the present Motion for Protective Order, Plaintiffs hereby incorporate by reference each of their arguments in the above-listed documents (#162, 170, 171, and 196) as if fully stated herein.

3

any third party entities, including CHE's external *use* of PET/E-PET software.  Information related to ordinary use of PET/E-PET software is irrelevant to Pilling's counterclaim in that Pilling's counterclaim only relates to the alleged sale of the PET/E-PET software.

On or about March 23, 2011 the Court heard argument regarding both the Motion to Compel and the Motion for Protective Order. On or about March 25, 2011 the Court granted Defendants' Motion to Compel.  Upon receipt of the Court's Order, the parties held a telephone conference with the Court for clarification.  It was decided by the Court that another hearing would take place on April 4, 2011 to further address the issues.

At the conclusion of the April 4, 2011 hearing the Court ordered that Plaintiffs provide the documents at issue for an *in camera* review. (Entry #181 and 185).  Specifically, the Court conducted an extensive in camera review of the documents related to Fannie Mae, IBM, Bank of America, American Express, State of California, and MVSS.

On May 5, 2011 the Court, having personally reviewed the documents during an *in camera* inspection, concluded that Plaintiff would not be required to produce the documents. Defendants subsequently filed a Motion to Reconsider (Doc #193).  Plaintiffs filed their Memorandum in Opposition on June 27, 2011. (Doc. #196).  Defendants' Motion to Reconsider was denied by this Court on July 11, 2011 (Doc. #197).

`	Now, almost exactly a year later, Defendants are attempting to circumvent this Court's previous Order by subpoenaing the companies directly to obtain the same information they were previously denied access to.  Permitting Defendants to obtain the information sought will not only allow them to side-step this Court's clear ruling, but will also provide them access to proprietary information that will permanently harm Plaintiffs.  Defendant's subpoenas are

4

nothing more than a fishing expedition to obtain documents and information that is neither relevant to this matter nor reasonably calculated to lead to the discovery of relevant information.

### III. STANDING

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. Fed. R. Civ. P. 26(c). Upon a showing of good cause that the information sought falls within the scope of Rule 26(c) and that harm will likely result from disclosure of the information, the grant of protective order is proper. Iowa Beef Processors, Inc. v. Bagley, 610 F.2d 949, 953 (8th Cir. 1979); Monsanto Co. v. Genetic Tech. Ltd., 42007 WL 1174851, *2 (E.D. Mo. April 20, 2007). Here, the information sought clearly falls within the scope of Rule 26 and harm to Plaintiffs if Defendants are permitted to proceed is inevitable. Not only is the information irrelevant to this matter but it will also permit Defendants to obtain and review Plaintiffs' critical proprietary information. Given that the core of this entire case is Defendants' attempt to improperly compete directly with Plaintiffs, allowing them to obtain this information will do irreparable harm to Plaintiffs.

Further, although the subpoenas have been issued to third parties in an attempt to circumvent this Court's Orders, Plaintiffs have standing to challenge subpoenas issued to non-parties because of their personal, proprietary interest in the material sought. Generally, "[a] motion to quash or modify a subpoena *duces tecum* may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena." Nat'l Ben. Programs, Inc. v. Express Scripts, Inc., 4:10CV00907 AGF, 2011 WL 6009655 (E.D. Mo. Dec. 1, 2011). In this case, Plaintiffs have a personal right to the contractual and proprietary information sought to be forcefully obtained via third party subpoenas.

5

Lastly, under these unique circumstances in which Defendants are attempting to obtain information they were previously denied access to, the subpoenas amount to little more than a renewed Motion for Reconsideration, stemming from this Court's previous Orders. In this way, too, Plaintiffs have standing to challenge this renewed, albeit creative, attempt to have this Court reconsider previous Orders entered after both parties had the opportunity to brief and argue the relevant points.

## IV. ARGUMENT

### A. This Court has Already Determined that the Information and Documents Sought by Defendants is Irrelevant to this Matter and not Discoverable

As explained above, Defendants have already attempted to obtain the information sought via the subpoenas at issue in this Motion. This Court personally reviewed documents related to IBM, Fannie Mae, Bank of America, MVSS, and State of California. Subsequent to its *in camera* review of these documents, the Court Ordered that Plaintiffs would not be required to produce them to Defendants. Now, a year later, Defendants have subpoenaed Fannie May, IBM, Bank of America, and several other corporations in an attempt to circumvent this Court's Orders.

To the extent that the subpoenas at issue seek information from companies that this Court has not previously heard argument on, namely Exxon Mobil, Hewlett-Packard, and Dell, the information sought is identical. As with the previously reviewed documents, there is nothing relevant to Defendants' counterclaims in any document demanded to be produced by the subpoena. Further, to the extent there exists any information responsive to the subpoenas, it contains Plaintiffs' confidential, proprietary information. That Defendants have issued such sweeping subpoenas to corporations which it knows have never purchased and E-PET licensing agreement, is further evidence of their fishing expedition. Moreover, the broad nature of the

subpoenas will permit Defendants to obtain confidential information including pricing information, and specific terms of service contracts.

Defendants will likely argue that a Protective Order is not warranted because it suggested in its Motion for Reconsideration that if the Court did not grant its Motion it would seek the requested documents from third party sources. Defendants' Motion for Reconsideration at ¶17. In its Order denying Defendants' Motion the Court used the fact that Defendants had suggested that the material was available from third parties as one example of the reason they were not entitled to the extraordinary relief of reconsideration. Court's July 11, 2011 Order at pg. 4. That the Court's Order identifies this as one of many reasons that Defendants were not entitled to reconsideration of its previous Order, does not amount to an admission on the part of the Court that third party subpoenas are appropriate. Defendants' subpoenas to third-parties ignore this Court's previous Order and attempt, for the third time, to obtain documents that are irrelevant to this matter. As has been explained in detail to Defendants, Plaintiffs have never sold PET/E-PET software – the sale of this software would be the only plausible reason to permit Defendants to obtain the documents at issue. This Court, in its own review of documents *in camera*, determined first hand that the allegedly relevant information did not exist, and the documents were not discoverable.

      **B.**      **The Documents and Information Sought in Defendants' Subpoenas are CHE's Sensitive, Proprietary Information and are Wholly Irrelevant to any of Defendants' Counterclaims**

Even if this Court disagrees that its previous Orders are dispositive of this issue, the information sought by Defendants is improper in that it seeks proprietary information that has no bearing on any of Defendants' Counterclaims.

7

Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence. Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). However, "while the standard of relevance in the context of discovery is broader than in the context of admissibility, this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer, 981 F.2d 377 at 380.

In this case, there can be no question but that the information Defendants are tying to obtain via subpoena either does not exist or is irrelevant to this matter. Contracts and communications between third parties and Plaintiffs simply have no bearing on any of Defendants' remaining counterclaims or on their defense of this matter. As has been explained by Plaintiffs at length, the only arguably relevant contract between it and a third party would be one selling PET/E-PET licenses. This Court, having reviewed the documents itself, agreed that the documents sought by Defendants do not bear on this issue. Furthermore, again, such documents do not exist. Even with the benefit of the broad discovery rules, Defendants have not and cannot make a threshold showing of relevance as required by the Rules.

## V.     CONCLUSION

For the reasons set forth above, as well as those reasons articulated in Plaintiffs' Motion for Protective Order and Expedited Hearing and Plaintiffs' previous Memoranda regarding the same issue, Plaintiffs respectfully request this Court grant their Motion for Protective Order;

Order an expedited hearing so that these matters may be immediately resolved; and award them their attorneys' fees incurred in connection with this matter.

Respectfully submitted,

 /s/ Timm W. Schowalter
Timm W. Schowalter            #45831
Rebecca M. Christensen        #62798
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939 (telephone)
(314) 621-6844 (facsimile)
tschowalter@lashlybaer.com
rchristensen@lashlybaer.com

Attorneys for Plaintiff Custom Hardware
Engineering & Consulting, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April, 2012  I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

1) Kevin J. Dolley, Esq.
   THE LAW OFFICES OF KEVIN DOLLEY
   34 N. Brentwood Blvd., Suite 207
   St. Louis, MO 63105
   kevin@dolleylaw.com

2) A. Mick Henderson, Esq.
   HENDERSON LAW, P.C.
   7750 Clayton Road, Suite 102
   St. Louis, MO 63117
   amh@hendersonlawpc.com

3) Richard B. Hein, Esq.
   THE LAW OFFICES OF RICHARD B. HEIN
   7750 Clayton Road, Suite 102
   St. Louis, MO 63117
   rickhein86@hotmail.com

 /s/ Timm W. Schowalter
Timm W. Schowalter