UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CUSTOM HARDWARE ENGINEERING & CONSULTING, INC., | ) ) ) | |
| Plaintiff/Counterclaim-Defendant, | ) ) | |
| vs. | ) ) | Case No. 4:10CV000653 ERW |
| JONATHAN D. DOWELL, *et al.*, | ) ) ) | |
| Defendants/Counterclaim-Plaintiffs. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants/Counterclaim-Plaintiffs' Motion for Leave to Amend Fourth Amended Case Management Order [ECF No. 260].

In their Motion, Defendants/Counterclaim-Plaintffs Jonathan Dowell, Marcus Smith, William Pilling, and Tri-Point Development, Inc. ("Defendants") seek a modification of Paragraph 1 of the Scheduling Plan set out in this Court's Fourth Amended Case Management Order, which provides: "Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ. P., no later than **June 8, 2012**, shall make expert witnesses available for depositions, and have depositions completed, no later than **July 9, 2012**."  [ECF No. 234].  Defendants ask this Court to amend Paragraph 1 to read: "Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **June 8, 2012**, shall make expert witnesses available for depositions, and have depositions completed, no later than **August 8, 2012**."

Defendants allege that the deposition of Plaintiff's timely-disclosed expert witness, Scott Greene, did not occur by July 9, 2012, as directed in the Fourth Amended Case Management Order, due to their uncertainty as to whether Plaintiff intended to seek more time to name

additional expert witnesses previously contemplated by Plaintiff's counsel.  Defendants further allege that they approached Plaintiff on July 18, 2012, in a good faith attempt to extend the July 9th deadline for completing the deposition of Mr. Greene, but that Plaintiff refused to consent to a request for extension of time.  Defendants appended as an exhibit to their Motion a copy of a July 23, 2012 communication, in which Plaintiff's counsel responded to their request for available dates for scheduling Mr. Greene's deposition, and indicated that Plaintiff would not consent to an extension of the July 9th deadline, and did not plan to provide available dates [ECF No. 260-2].

In their Memorandum in Opposition to Defendant's Motion, Plaintiff Custom Hardware Engineering and Counterclaim Defendant David York (collectively referred to as "Plaintiff") state that Defendants failed to initiate contact to discuss Mr. Greene's deposition until July 18, 2012, when a deposition of Defendants' expert witness was conducted [ECF No. 261].  Plaintiff argues that Defendants have failed to establish the requisite "good cause" for amendment, and claim that Defendants' motion serves no purpose but to delay the matter intentionally and to increase Plaintiff's attorney fees.  Plaintiff further claims the modification would cause it prejudice, asserting that "Defendants have provided Plaintiff a mere week in which to coordinate travel to Arizona and prepare for the deposition."  Plaintiff also asserts that, due to prior commitments, its counsel and Mr. Greene are unavailable for deposition prior to August 8th.

Plaintiff asks this Court to deny Defendants' Motion, or alternatively, to require Defendants to reimburse it for airfare and hotel expenses associated with the deposition of Mr. Greene.

Upon consideration of the arguments presented by the parties, the Court concludes that good cause exists for modifying the Scheduling Plan, and that modification of the Fourth

Amended Case Management Order to require Plaintiff to make expert witnesses available for depositions, and have depositions completed, no later than **August 15, 2012**, would best serve the interests of expediting disposition of the action, discouraging further wasteful pretrial activities, and improving the quality of the trial through more thorough preparation. Additionally, the Court finds that amending the Scheduling Plan to require Defendants to disclose all expert witnesses and provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **August 22, 2012**, and to make expert witnesses available for depositions, and have depositions completed, no later than **September 14, 2012**, likewise serves these interests.  The Court further finds that an award to Plaintiff of the reasonable airfare and lodging expenses incurred by its counsel in connection with Mr. Greene's deposition would be just under the circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants/Counterclaim-Plaintiffs' Motion for Leave to Amend Fourth Amended Case Management Order [ECF No. 260] is **GRANTED.**  Plaintiff shall make expert witnesses available for depositions, and have depositions completed, no later than **August 15, 2012**.

**IT IS FURTHER ORDERED** that Defendants shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **August 22, 2012**, shall make expert witnesses available for depositions, and have depositions completed, no later than **September 14, 2012**.

**IT IS FURTHER ORDERED** that Defendants shall pay to Plaintiff reasonable airfare and lodging expenses incurred in connection with the deposition of Plaintiff's expert witness Scott Greene.

Dated this __27th__ day of July, 2012.

_E. Richard Webber_
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE