UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CUSTOM HARDWARE ENGINEERING    )
& CONSULTING, INC.,            )
                               )
                               )
      Plaintiff/Counterclaim-Defendant,    )
                               )
      vs.                      )          Case No. 4:10CV000653 ERW
                               )
JONATHAN D. DOWELL, *et al*.,  )
                               )
                               )
      Defendants/Counterclaim-Plaintiffs.    )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Custom Hardware Engineering &

Consulting, Inc.'s ("CHE") and Counterclaim-Defendant David York's ("York") Motion for

Sanctions [ECF No. 263].

## I.    BACKGROUND

CHE and David York filed their Motion on August 6, 2012, seeking sanctions against

Defendant Tri-Point Development, LLC ("Tri-Point") for failing to produce witnesses capable of

testifying in violation of Federal Civil Procedure Rule 30(b)(6).  Specifically, CHE and York

assert that Tri-Point produced Defendant Marcus Smith ("Smith") as Tri-Point's corporate

representative for a Rule 30(b)(6) deposition on June 28, 2012, but that Tri-Point and Smith did

not comply with the Notice of Deposition by providing requested pleadings with Bates-stamped

documents in advance of the deposition, or during the deposition.  CHE and York further claim

that Smith was completely unprepared for the June 28 deposition, and was unable to answer even

the most basic questions regarding Tri-Point, including whether Tri-Point has By-Laws or a

shareholder agreement.

CHE and York state that the parties agreed to terminate the deposition.  They further claim that the parties agreed that CHE and York would refrain from filing a motion for sanctions for the time, fees, and costs associated with the deposition, subject to the condition that Tri-Point's representatives would appear fully prepared at a later deposition, having reviewed all documents and having provided Bate-stamped documents for each topic listed in the notice for the rescheduled Rule 30(b)(6) deposition.

CHE and York aver that Tri-Point has never provided properly labeled documents, and has never responded to Interrogatories or Requests for Production of Documents with specific references to the documents that were responsive, as required by Federal Civil Procedure Rule 34(b).  They assert that Tri-Point instead engaged in mass dumps of large quantities of documents and unreadable files, and provided only vague responses to Requests.  CHE and York aver that the deposition subsequently was twice rescheduled.   They state that they provided Tri-Point with an Amended Notice of Deposition and Addendum, virtually identical to previous notices, notifying Tri-Point of a deposition scheduled to occur on August 8, 2012.

Tri-Point objected to the notice, stating, among other things, that Tri-Point could not comply within the time provided by the Addendum, without expending unreasonable efforts or expense.  Tri-Point also objected to the Notice's requirement that responsive documents be Bate-stamped, on the basis that the Federal Rules of Civil Procedure did not require it to do so.

CHE and York assert that they sent Tri-Point a letter to remind Tri-Point of its obligations in accordance with the agreement reached at the first deposition of Smith, but that Tri-Point refused to abide by the terms of their agreement.  They ask the Court to enter an Order requiring Tri-Point to reimburse them for their fees and costs associated with preparing for, and taking. the June 28, 2012, deposition.

In its Response [ECF No. 265], Tri-Point states that the parties agreed on June 28 to reschedule the deposition to a time when several defendants could be present for questioning to allow for a more thorough examination of the topics set forth in the Notice of Deposition.  Tri-Point avers that the rescheduled deposition, set for August 8, 2012, involved examination of corporate representatives Smith, Linda Pilling, Vern Pilling, and Jonathon Dowell.  Tri-Point asserts that, prior to the rescheduled deposition, Tri-Point "propounded written information to [CHE and York] as to which persons would provide answers to each topic listed in the [amended notice of deposition]."  Tri-Point states that the deposition of its corporate representatives was completed on August 8, 2012, and that each of the named individuals answered questions specific to each topic listed in the amended notice.

Tri-Point denies that the parties' agreement to reschedule the June 28 deposition was "preconditioned on production of Bates stamped copies of documents responsive to each topic contained in the Notice of Deposition."  Tri-Point admits that counsel for CHE and York "made a passing reference to Defendants' production of Bates stamped documents" on the record when the June 28 deposition concluded, but declares that the parties had agreed to reschedule without any reference to Bate-stamping documents.  Tri-Point states that, upon hearing the Bate-stamp reference, Tri-Point counsel  stated, "I'm not sure we went into that detail, but I think as a general matter we're going to come back, we're going to be ready, we're going to bring all the necessary witnesses. We'll review the documents, make sure we're on the same page with that as well, absolutely."  Tri-Point contends that "[n]either the record or any correspondence between counsel for Defendant and Plaintiff supports Plaintiff's assertion that Defendants' counsel unequivocally agreed to provide Bates stamped documents."

Tri-Point argues that Federal Civil Procedure Rule 37 sanctions are inapplicable because Tri-Point did not violate any Court Order regarding the corporate representative deposition, and because the August 8 deposition remedied any inadequacy of the June 28 deposition testimony. Tri-Point further argues that such sanctions are inappropriate because the parties' agreement to reschedule was not conditioned upon production of Bates-stamped documents, and because CHE and York have not filed any document requests or claimed inadequate production of documents. Tri-Point states that it "communicated to Plaintiff's counsel that approximately 100,000 files had been produced to Plaintiff in response to Plaintiff's discovery request[,]" and that Tri-Point "pointed out that Defendants have already gone over and beyond the Court Order by printing and producing a good portion of those files to Plaintiff."

In their Reply, CHE and York contend that, due to Tri-Point's "deliberate indifference towards its legal obligations and failure to comply with Rule 30(b)(6) of the Federal Rules of Civil Procedure," they are entitled to an award of sanctions reimbursing them for fees and costs associated with the June 28, 2012, deposition, They claim that Tri-Point's behavior caused them to incur unnecessary legal fees and costs for the failed deposition. CHE and York argue that the substance of the rescheduled deposition is "completely irrelevant" to the matter at hand, and assert that the August 8 deposition did not remedy the inaccuracies of the prior corporate representative deposition because the subsequent deposition was not in compliance with the parties' agreed-upon conditions. CHE and York aver that the August 8 deposition witnesses responded "vaguely and elusively to simple questions related to Tri-Point's business[,]" and referred "vaguely to 'documents previously produced' without making any effort to identify [the documents to which they were referring]."

The transcript of the June 28, 2012 deposition includes the following statements regarding its termination by counsel for CHE: "Plaintiff CHE Consulting has agreed to forego the filing of any sanctions for the time and costs associated with this deposition on defendant TriPoint Developments's representation that they will appear on July 20th . . . being fully prepared, having reviewed all the documents and will provide us was [sic] the Bates stamped documents for each section of the subject matter.  Under those conditions, CHE will agree not to file a motion seeking sanctions for costs associated with this deposition.  So agreed?"

The transcript further shows that Tri-Point's counsel responded: "I'm not sure we went into that detail, but I think as a general matter we're going to come back, we're going to be ready, we're going to bring all the necessary witnesses.  We'll review the documents, make sure that we're on the same page with that as well, absolutely" [ECF No. 263-7, p. 30].

## II.    LEGAL STANDARD

A district court has broad discretion in imposing sanctions. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001).  Various Federal Rules of Civil Procedure authorize the Court to impose sanctions, including Rules 11, 26, 30, and 37.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 n.8 (1991).  The Court also has inherent power to fashion sanctions based on litigation conduct that is disruptive of the judicial process. *Id*. at 44-45.  The Court's inherent power "extends to a full range of litigation abuses," but, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id*. at 46, 44.  The Court may sanction conduct "by means of its inherent power" even if the conduct is sanctionable under other rules or statutes; however, utilizing a rule or statute as authority for sanctions is preferable.  *Id*. at 50; *see also Sentis Grp., Inc., v. Shell Oil Co.*, 559 F.3d 888, 900 (8th Cir. 2009).

CHE and York invoke the Court's power for the imposition of sanctions against Defendant under Rule 37 of the Federal Rules of Civil Procedure, alleging that Defendant failed to produce a properly prepared witness on July 20, 2012; filed objections to CHE's Corporate Designee Notice; and refused to produce Bates stamped documents, in contravention to an agreement reached by the parties.

## III.    DISCUSSION

As an initial matter, the Court notes that this is not the first instance in which the parties have come before the Court with a dispute about discovery.  In fact, the record reveals a history of repeated and lengthy discovery quarrels, and the parties' inability to cooperate and reach agreement.  Previously, this Court has advised the parties to attempt with more civility to resolve similar discovery disputes through agreement or other means [ECF No. 233].  The parties' apparent disregard for this advice has served only to increase the cost of litigation and delay the progression of the action.

Under Rule 37, a court may issue orders imposing sanctions for discovery abuses and pretrial order violations.  Fed. R. Civ. P. 37(b)-(f).  Such sanctionable behavior includes failing to obey a discovery order; to produce a person for examination; to disclose, to supplement an earlier response, or to admit; to attend one's own deposition, to serve answers to interrogatories, or to respond to a request for inspection; and to participate in framing a discovery plan.  *Id*.  Here, the grounds alleged by CHE and York appear to fall under Rule 37(d), which allows the court to order sanctions if a party's officer fails to appear for his Rule 30(b)(6) deposition, or if a party fails to serve its answers, objections, or written response in accordance with Rules 33 or 34.  Fed. R. Civ. P. 37(d)(1)(A)(i), (ii).

6

The record reveals that the June 28 deposition of Tri-Point's corporate representative was terminated by agreement of the parties, and that the corporate representative deposition was rescheduled, then ultimately resumed and completed on August 8, 2012.  CHE and York have not refuted Tri-Point's statements that the rescheduled deposition remedied any inadequacy of the June 28 deposition, or that its corporate representatives answered questions specific to each topic listed in the amended notice when they were deposed on August 8.  Instead, CHE and York maintain that the substance of the rescheduled deposition is "completely irrelevant" to the issue before the court, insisting that the August deposition was insufficient merely because it was not in compliance with the conditions agreed upon by the parties at the termination of the June 28 deposition, i.e., preceded, or accompanied, by Bates-stamped documents.  As has been the parties' practice in this action, CHE's and York's portrayal of the substance of the August 8 deposition as "completely irrelevant" fails to adequately inform the Court concerning this matter.

Examination of the record, however, persuades this Court that the Motion for Sanctions should be denied.  First, the transcript of the June 28, 2012 corporate representative deposition leaves the Court with the firm impression that the inadequacy of the deposition, and its ultimate termination, was not due solely to any unpreparedness of the corporate representative.  The transcript shows that CHE counsel contributed to the deposition's failure to progress.  The record reveals that CHE counsel's determination to make a record concerning his dissatisfaction with Tri-Point's document production overshadowed any effort to elicit helpful responses.  The record also suggests that counsel was more concerned with documenting his dissatisfaction with the witness's attempts to respond to questions, than he was with obtaining meaningful answers.  Consequently, much of the questioning seemed to hinder, rather than facilitate, any discovery or exchange of information.

7

Second, the statements made by counsel at the conclusion of the deposition do not convince this Court that CHE's decision to forego the filing of any motions for sanctions was conditioned upon an agreement by Tri-Point to provide Bates-stamped documents for each section of the subject matter. This impression is augmented by the Court's examination of copies of e-mail communications Tri-Point submitted with its Response, two which were transmitted prior to June 28, and one that was transmitted on July 31, 2012. In an e-mail dated February 22, 2012, counsel for CHE and York told Tri-Point's counsel that he would file a motion to compel and a request for sanctions if CHE did not receive "a readable production of all responsive documents, supplemental and responsive pleadings identifying by bates stamp documents that are responsive to each Request for Production by the close of business on Friday, February 24th" [ECF No. 265-6].

On February 23, Tri-Point counsel e-mailed his response to CHE, insisting that the evidence sought by CHE did not exist, that the matter did not warrant a motion to compel, that Tri-Point had conducted a search of the six forensic images in accordance with the search terms proposed by CHE and ordered by the Court, and that Tri-Point had produced approximately 100,000 files exactly as the search had indicated on the forensic images [ECF No. 265-7]. Tri-Point's counsel further stated that after CHE objected to the manner of Tri-Point's production of source and object code, Tri-Point produced the information in hard-copy form, and told CHE's counsel to identify any unreadable documents CHE was seeking to be produced in an alternative format, indicating that "all possible accommodations will be made to produce an acceptable format" [ECF No. 265-7].

On July 31, 2012, Tri-Point counsel again e-mailed counsel for CHE, reititerating that Tri-Point had never agreed to provide Bates-stamped documents, and that Bates-stamping had not

been discussed prior to CHE's on-the-record statement at the conclusion of the June 28 deposition.  Tri-Point maintained that Bates-stamping was not required by the Federal Rules of Procedure, and that CHE was making its request to harass Defendants [ECF No. 265-3].

The July 31, 2012 e-mail reinforces the Court's impression that provision of Bates-stamped documents was not an agreed-upon condition of the parties' decision to terminate the June 28 deposition.  The documents sought by Plaintiff otherwise have been produced in the form they were originally maintained in accordance with Federal Rule of Civil Procedure 34(b)(2)(E)(ii), and pursuant to the protocols approved by this Court.  In the absence of an agreement between the parties, or a Court Order, Tri-Point is not required to provide Bates-stamped documents.

Third, the Court finds that the apparently successful deposing of Tri-Point's corporate representatives on August 8 cured the inadequacy of the June 28 deposition, and that Plaintiff has not established grounds warranting an award of expenses under Rule 30 or Rule 37.  *See* Fed. R. Civ. P. 30(b)(6), (d)(2), (3)(A)-(C); Fed. R. Civ. P. 37(d).

Finally, this Court is not inclined to encourage the filing of motions for sanctions, in the absence of good faith attempts by the parties to informally resolve disputes, to the detriment of their clients.  Plaintiff's Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Custom Hardware Engineering & Consulting,

Inc.'s and Counterclaim-Defendant David York's Motion for Sanctions [ECF No. 263] is

**DENIED**.

So Ordered this 18th day of September, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE