UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUSTOM HARDWARE ENGINEERING ) | |
| & CONSULTING, INC., ) | |
| ) | |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV000653 ERW |
| ) | |
| JONATHAN D. DOWELL, *et al*., ) | |
| ) | |
| ) | |
| Defendants/Counterclaim-Plaintiffs. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on "Defendants/Counterclaim-Plaintiffs' ("Defendants") Motion to Reconsider Based on New Evidence," filed under seal [ECF No. 270], and "Defendants' Motion to Amend Case Management Order [Doc 234] by Extending Deadline for Discovery" [ECF No. 272].

Defendants' Motion to Reconsider revisits discovery disputes that have already required considerable Court involvement, including telephone conferences, hearings on various motions, the issuance of several Orders regarding compliance, and extensive *in camera* review of numerous documents. The present Motion asks this Court to reconsider its July 7, 2011 Memorandum and Order [ECF No. 197], which denied Defendants' Motion for Reconsideration of the Court's May 5, 2011 Order, ruling that Plaintiffs would not be required to produce the documents and materials submitted to the Court for its *in camera* review [ECF No. 189].

Defendants request relief under Federal Rule of Civil Procedure 60(b)(2), asserting "new evidence has surfaced that satisfies the 'extraordinary circumstances' requirement of that rule." This Court does not agree that the exhibits submitted by Defendants in support of their Motion establish exceptional circumstances that would justify the rule's extraordinary remedy. *See*

*Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005). This Court will deny Defendants' Motion to Reconsider.

As noted in this Court's September 28, 2012 Memorandum and Order denying Plaintiff Custom Hardware Engineering & Consulting, Inc.,'s and Counterclaim-Defendant David York's Motion for Sanctions [ECF No. 268], the record in this matter reveals a history of repeated and lengthy discovery quarrels, the parties' inability to cooperate and reach agreement, and the absence of good faith attempts by the parties to informally resolve disputes, to the detriment of their clients. This Court has advised the parties to attempt with more civility to resolve similar discovery disputes through agreement or other means; however, the parties' disregard for this advice has served only to increase the cost of litigation and delay the progression of the action. Such conduct has necessitated the amendment of the Court's Case Management Order on four occasions since the initiation of this litigation. No further delay will be tolerated.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants/Counterclaim-Plaintiffs' Motion to Reconsider Based on New Evidence [ECF No. 270] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Amend Case Management Order by Extending Deadline for Discovery [ECF No. 272] is **DENIED**.

Dated this   9th   day of October, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE