UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUSTOM HARDWARE ENGINEERING ) | |
| & CONSULTING, INC., ) | |
| ) | |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV000653 ERW |
| ) | |
| JONATHAN D. DOWELL, *et al.*, ) | |
| ) | |
| ) | |
| Defendants/Counterclaim-Plaintiffs. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion to Compel Complete Discovery Responses from Plaintiff [ECF No. 280].

Defendants request relief under Federal Rule of Civil Procedure 37(b), asking this Court to compel Plaintiff to provide complete and current responses to Defendants' Interrogatories and Requests for Production.

Defendants assert that information discovered during depositions conducted in this matter cause them to believe that certain of Plaintiff's written discovery responses are incomplete. They further state that they corresponded with Plaintiff to inform it of the perceived deficiencies, but that Plaintiff has indicated that the identified deficiencies would not be remedied. Defendants ask this Court to order Plaintiff to provide certain employee personnel records (Defendant Dowell's Request for Production No. 15), documents pertaining to customer lists or other proprietary information one defendant has used to CHE's detriment (Defendant TriPoint's Request for Production No. 7), documents concerning CHE's mission statement or internal policies (Defendant Smith's Request for Production No. 31), documentation regarding specific sections of a bonus program (Defendants Smith's Request for Production Nos. 13-30, 39, 49, 51,

53, 59-60, 70, 73, 77 and 98), and information supporting CHE's claims that Defendants misappropriated CHE property (Defendant TriPoint's Request for Production Nos. 21, 23, 37 & 38).

In its Response, Plaintiff claims that Defendants' motion has no basis in fact and that Defendants have not provided any legitimate discovery dispute to be resolved. Plaintiff asserts that the entire employee file requested was furnished to Defendants (Defendants' Request for Production No. 15); that they asserted proper objections to Defendants' Request for Production Nos. 7and 31; that they produced an employee handbook in response to Request No. 31; that Defendants are attempting to use discovery to collect CHE's confidential and proprietary information; and that Defendant Smith's Request Nos. 13-30, 39, 49, 51, 53, 59-60, 70, 73, 77 and 98 and Defendant TriPoint's Request Nos. 21, 23, 37 & 38 were not mentioned in Defendants' good faith letter to Plaintiff. Plaintiff asks that the Motion be denied in its entirety, and that this Court find that CHE has fully complied with all of Defendants' discovery requests. The Court finds that, indeed, Defendants' good faith letter fails to mention Defendant Smith's Request Nos. 13-30, 39, 49, 51, 53, 59-60, 70, 73, 77 and 98 and Defendant TriPoint's Request Nos. 21, 23, 37 & 38. Defendants' failure to confer in good faith prior to filing this motion as required by Fed. R.Civ. P. 37 deprived Plaintiffs an opportunity to respond in good faith. Defendants' Motion will be granted in part, and denied in part.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel Complete Discovery Responses from Plaintiff [ECF No. 280] is **GRANTED in part,** and **DENIED in part.** As to Counterclaim-Plaintiff Jonathan Dowell's First Request for Production Nos. 13-30, 39, 49, 51,

53, 59-60, 70, 73, 77 and 98; and Defendant TriPoint's First Request for Production Nos. 21, 23, 37, 38; Defendants' Motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff produce, no later than 4:00 p.m., October 29, 2012, any performance appraisal conducted for Jonathan Dowell in 2007.

**IT IS FURTHER ORDERED** that Plaintiff produce, no later than 4:00 p.m, October 29, 2012, to the Court for *in camera* review:

1) customer lists TriPoint has obtained or used to the detriment of Custom Hardware Engineering & Consulting, Inc., as mentioned in Defendants' Request for Production No. 7;

2) copies of all employees handbooks of Plaintiff in effect during the course of employment of any Defendant, as mentioned in Marcus Smith's First Request for Production No. 31.

Dated this __26th__ day of October, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE