UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUSTOM HARDWARE ENGINEERING ) | |
| & CONSULTING, INC., ) | |
| ) | |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV000653 ERW |
| ) | |
| JONATHAN D. DOWELL, *et al*., ) | |
| ) | |
| ) | |
| Defendants/Counterclaim-Plaintiffs. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon review of Plaintiff Custom Hardware Engineering & Consulting, Inc.'s ("CHE") Response [ECF No. 305] to the Court's October 26, 2012 Order [ECF No. 293].

On October 11, 2012, Defendants filed a motion under Federal Rule of Civil Procedure 37(b), asking this Court to enforce its March 25, 2011 Order [ECF No. 176], which directed CHE to produce certain information sought by Defendants and pertaining to E-PET [ECF No. 277]. In their Motion, Defendants alleged that they obtained a previously unproduced settlement agreement between CHE and third parties, which specifically mentioned E-PET, and explicitly referenced four other documents that "likely reference E-PET as well as two CHE customers serviced by IBM that likely involve E-PET." Defendants argued that this agreement shows that CHE had not fully complied with the March 25, 2011 Order, and leads them to reasonably believe that CHE had other unproduced documents mentioning E-PET. In an October 26, 2012 Memorandum and Order, this Court ordered CHE to produce all settlement agreements between CHE and all third parties that mention e-PET, and produce all contracts all contracts or writings

between the parties and with third parties, and between Plaintiff and third parties, not previously produced, that mentioned, in an respect, E-PET, to this Court for *in camera* review.

CHE has produced for this Court's *in camera* review a copy of the Asset Purchase Agreement with Microcoders, Inc., wherein CHE purchased all intellectual property rights to PET and E-PET. In its Response, CHE states that the two agreements (one of which, according to CHE, "fell through") referenced in the settlement agreement dealt with the maintenance and repair of the third party's equipment, and therefore, did not involve the use of E-PET, or even mention E-PET in the agreements. CHE further states that the IBM agreement, or one substantially similar, was previously provided to the Court for *in camera* review.

CHE's Response to this Court's October 26, 2012 Order convinces the Court that it has fully complied with the Court's March 25, 2011 Order.

Accordingly,

**IT IS HEREBY ORDERED** that the Court finds Plaintiff CHE has fully satisfied its obligation to produce documents pursuant this Court's October 26, 2012 Order [ECF No. 293], and in compliance with the Court's March 25, 2011 Order.

Dated this  21st  day of November, 2012.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE