UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CUSTOM HARDWARE ENGINEERING & CONSULTING, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> vs. <br><br> JONATHAN D. DOWELL, *et al.*, <br><br> Defendants/Counterclaim-Plaintiffs. | Case No. 4:10CV000653 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Custom Hardware Engineering & Consulting, Inc.'s ("CHE") Motion for Clarification, or, in the Alternative, Motion in Limine to Exclude Testimony or Evidence Related to Reasonableness of Plaintiff/Counterclaim Defendant's Attorneys' Fees [ECF No. 383], and Defendants' Motion for Clarification of the Court's February 6, 2013 Memorandum and Order and Defendants' Supplemental Jury Instructions in Light of the Court's Order [ECF No. 385].

CHE requests that the Court grant its Motion for Clarification, and a) confirm that the jury will award damages, but the Court will award the amount of attorneys' fees; b) preclude any evidence as to the "reasonableness" of attorneys' fees of CHE; and c) confirm that CHE will not be deemed to have by inclusion in the fee invoices references to settlement matters.  In their Motion, Defendants ask for an order a) precluding the inclusion of a nominal damages jury instruction and b) preventing Plaintiff from presenting evidence relating to its attorneys' fees for withdrawn or dismissed claims.

Defendants' request for an Order precluding the inclusion of a nominal damages jury instruction shall be denied.  The Court will grant the parties' respective motions in part, and, accordingly, instructs the parties as follows.

The jury will be determining the issue of the reasonableness of attorneys' fees, awarding attorneys' fees or denying fees in their verdict.  CHE shall be allowed to present evidence of attorneys' fees incurred in the prosecution of all claims contained in Plaintiffs' Second Amended Complaint (SAC) that were not dismissed by the Court's January 23, 2013 Summary Judgment Order; specifically, CHE shall be allowed to present such evidence relating to Counts I, II, III, IV, VI, VII, IX, and X of the SAC  [ECF No. 354].  CHE shall also be allowed to present evidence of attorneys' fees incurred in the prosecution of all counterclaims and third party claims Defendants filed in this matter against CHE and David York that were dismissed, either upon Defendants' motion or by Order of the Court.  Should CHE prevail at trial on remaining portion of Marcus Smith's breach-of-contract counterclaim (Count II) that will be presented to jury, the Court may consider an award of attorneys' fees relating to the prosecution of this claim upon conclusion of the matter.  CHE and Defendants shall be allowed to present evidence of the background facts of the case that resulted in the filing and prosecution of this matter.  Furthermore, CHE shall be allowed to submit invoices for attorneys' fees incurred during settlement discussions, but references to settlement matters shall be redacted from any such invoices.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Custom Hardware Engineering & Consulting, Inc.'s  Motion for Clarification, or, in the Alternative, Motion in Limine to Exclude Testimony or Evidence Related to Reasonableness of Plaintiff/Counterclaim Defendant's Attorneys' Fees [ECF No. 383] is **GRANTED in part,** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Clarification of the Court's February 6, 2013 Memorandum and Order and Defendants' Supplemental Jury Instructions in Light of the Court's Order [ECF No. 385] is **GRANTED in part,** and **DENIED in part**.

Dated this   7th   day of February, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE